**TERESA L., on behalf of her minor son, MATTHEW L., Plaintiff—Appellant,**

v.

**DEPARTMENT OF EDUCATION, HAWAII, Defendant—Appellee.**

No. 07–17230.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed May 13, 2009.

Stanley E. Levin, Esq., Davis Levin Livingston Grande, Honolulu, HI, for Plaintiff–Appellant.

Aaron H. Schulaner, Office of the Hawaii Attorney General, Honolulu, HI, for Defendant–Appellee.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

This appeal arises from appellant Teresa L.'s ("Teresa") request for reimbursement from the Hawaii Department of Education of expenses she incurred during the 2005–2006 school year to implement her son Matthew's home education program. The Department moved to dismiss the request, and the state hearing officer granted the motion. The hearing officer concluded that, although Matthew was denied a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("the IDEA"), Teresa's request for reimbursement was time-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

barred because it was not made within 90 days of Matthew's unilateral placement as required by Hawaii law. The district court affirmed, and Teresa appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the judgment and remand for further proceedings.

Among the several arguments that Teresa raises on appeal is her contention that her July 13, 2006 request for reimbursement for the 2005–2006 school year was subject to a two-year statute of limitations, not the 90–day limitations period, and therefore was timely. We agree, and therefore need not address Teresa's other arguments.

Hawaii Revised Statutes ("H.R.S.") § 302A–443(a), in force when Teresa's claims accrued, required that requests for impartial hearings related to the educational placement of a disabled child under the IDEA be made within two years of the date the parent, guardian or Department of Education knew or should have known about the action that formed the basis of the request for the hearing. H.R.S. § 302A–443(a)(1) (2005). At the time Teresa made her request for reimbursement, however, the statute required that requests for reimbursement for unilateral placements be made within 90 days of such placements.[1] *Id.* § 302A–443(a)(2).

Here, although Teresa originally removed Matthew from his public elementary school unilaterally in November 2004, and subsequently declined to participate in an Individualized Education Program ("IEP") meeting for Matthew's 2005–2006 annual meeting in November 2005, she received a favorable ruling from a hearing officer on June 26, 2006 which established that (1) the 2004–2005 IEP failed to provide Matthew a free appropriate public education, and (2) home placement was appropriate, warranting expense reimbursement from November 12, 2004 to May 23, 2005.[2]

We conclude that this favorable administrative decision, which determined the adequacy of Matthew's previous year's IEP for the 2004–2005 school year, constituted an agreement between the Department of Education and Matthew's parents that rendered Matthew's home placement a bilateral placement as of June 26, 2006, the date of the hearing officer's decision. *See L.M. v. Capistrano Unified Sch. Dist.,* 556 F.3d 900, 903 (9th Cir.2009) (noting that courts and agencies have implied a current educational placement where "the court or agency below had expressly deemed the private placement appropriate"); *Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings,* 903 F.2d 635, 641 (9th Cir.1990) (quoting *Sch. Comm. v. Dep't of Educ.,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)) (acknowledging that an agency's decision in the parents' favor "would seem to constitute an agreement by the State to the change of placement").[3]

Because the private home placement was bilateral as of the hearing officer's

---

1. Effective July 1, 2008, § 302A–443 was amended to provide a "one hundred and eighty calendar day[ ]" period for requesting reimbursement of the costs of placement. We apply the law as it was in force when Teresa's claims accrued. *See Adams v. Oregon,* 195 F.3d 1141, 1148 n. 2 (9th Cir.1999).

2. In a subsequent district court action challenging the limitation on the amount of reimbursement, the court extended the reimbursement period to November 4, 2005, noting that

"IEPs are created annually and cover twelve month periods." *See Teresa L. v. Dep't of Educ.,* No. 06–00399 (D.Haw. Aug. 3, 2007).

3. *Accord D.C. & G.K. v. Dep't of Educ.,* 550 F.Supp.2d 1238, 1248–49 (D.Haw.2008) (relying on *Burlington* and *Clovis* in holding that a favorable ruling by a hearing officer that a unilateral placement was appropriate, and that reimbursement was warranted, rendered a unilateral placement bilateral).

June 26, 2006 decision, a two-year statute of limitations applied to Teresa's hearing request for reimbursement for the 2005–2006 school year. Thus, whether Teresa knew of the action forming the basis of the request for the hearing in November 2005, when she was mailed a copy of the 2005–2006 annual IEP, or in June 2006 when she received the favorable ruling, Matthew's placement at home was bilateral as of the June 2006 hearing decision. Accordingly, Teresa's request for a hearing to challenge the 2005–2006 annual IEP and for reimbursement of the costs of Matthew's home placement for that year, which was made on July 13, 2006, was timely.

Because we conclude that Teresa's request was timely, the substantive question remains whether she is entitled to reimbursement. Although the record indicates that Teresa may ultimately be entitled to reimbursement, neither the hearing officer nor the district court addressed this issue on the merits. Therefore, we vacate the district court's judgment and remand so that the district court, or if it deems appropriate, the hearing officer, can determine whether Teresa is entitled to reimbursement for expenses related to the 2005–2006 school year, and if so, the amount of any such award.[4]

VACATED and REMANDED. Appellants shall recover their costs on appeal.

---

4. Teresa also requests an award of attorney's fees. The request is denied without prejudice. Such a request must be filed by a separate motion for fees per Circuit Rule 39–1.6. Alternatively, Teresa may request that the issue be transferred to the district court.